889 F.2d 1101
 13 U.S.P.Q.2d 1732
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TROJAN, INC., Plaintiff-Appellant,
v.
SHAT-R-SHIELD, INC., Defendant/Cross-Appellant.
 Nos. 88-1528, 88-1529.
 United States Court of Appeals, Federal Circuit.
 Oct. 31, 1989.
Rehearing Denied Dec. 21, 1989.
Suggestion for Rehearing In Banc Declined Jan. 4, 1990.
 
 Before NIES, PAULINE NEWMAN, and MICHEL, Circuit Judges.
 NIES, Circuit Judge.
 
 
 1
 Trojan, Inc. appeals from the final judgment of the United States District Court for the Eastern District of Kentucky, Trojan, Inc. v. Shat-R-Shield, Inc., 703 F.Supp. 609, 8 USPQ2d 1391 (E.D.Ky.1988), holding the four claims of United States Patent No. 4,506,189 ('189) in suit valid, infringed and enforceable, and enjoining Trojan from further infringement but awarding no damages. Shat-R-Shield, Inc. (SRS) cross-appeals, requesting a remand for an accounting for damages. Because we reverse the court's holding on validity, we need not reach the other issues raised in the appeal or cross-appeal.
 
 OPINION
 
 2
 The general subject matter of the invention is a fluorescent lamp on which a plastic coating is placed to retain shards of glass if the tube is broken. Applying the proper law to undisputed facts, we reverse the court's holding that the '189 patent claims were not proved invalid for obviousness within the meaning of 35 U.S.C. Sec. 103 (1982). The district court erred in determining obviousness simply over the Van Laar patent. When considered with the teachings of the Evans and Thomas patents, the opposite conclusion is compelled. Panduit Corp. v. Dennison Mfg., Co., 810 F.2d 1561, 1565, 1 USPQ2d 1593, 1595 (Fed.Cir.1987)
 
 
 3
 Upon finding that Trojan's expert witness was not persuasive and credible,* the court held that "[t]his finding of noncredibility alone would prohibit Trojan from meeting its burden of proof on its invalidity claim." Trojan, Inc., 703 F.Supp. at 617, 8 USPQ2d at 1396. That ruling is erroneous as a matter of law. Opinion testimony on the legal conclusion of obviousness is neither necessary to prove one's case nor controlling. Avia Group Int'l., Inc v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1564, 7 USPQ2d 1548, 1554 (Fed.Cir.1988). Rejection of such testimony here did not relieve the district court of its obligation to determine whether each of the inventions claimed, i.e., each claim, would have been obvious to one of ordinary skill in the art from all of the teachings presented in the prior art before it.
 
 
 4
 The Evans patent, United States Patent No. 3,602,759, is directed to identical subject matter, i.e., a protective plastic coating on a fluorescent lamp. The court first rejected Evans on the ground that "the claims of the [Evan's] invention do not demonstrate that the [coating] process is done 'in situ.' " Trojan, Inc., 703 F.Supp. at 617, 8 USPQ2d at 1396. Contrary to the court's understanding, a prior art patent must be considered for what it teaches, not merely for what it claims. See, e.g., W.L. Gore & Assoc., Inc. v. Garlock, Inc., 721 F.2d 1540, 1550, 220 USPQ 303, 311 (Fed.Cir.1983), cert. denied, 469 U.S. 851 (1984). Also, it does not follow that because the sleeve of plastic disclosed in the Evans' patent is formed separately, ipso facto, no coating is "formed in situ." Indeed, the sleeve forms a coating with the application of heat once the sleeve is in place on the lamp. Finally, the district court failed to note that claim 1 of the '189 patent has no "in situ" limitation.
 
 
 5
 The court also erroneously discounted the Evans patent because it "was not practical and could not be used successfully commercially." Id. The relevance of a patent as prior art is not affected by whether the claimed invention was ever commercialized. In re Blake, 352 F.2d 309, 312, 147 USPQ 289, 291 (CCPA 1965) (patent statute does not require commercial use of subject matter of a prior-art disclosure for that disclosure to qualify as a reference); cf. In re Deters, 515 F.2d 1152, 1155, 185 USPQ 644, 647 (CCPA 1975) (that a reference is a "paper patent" is irrelevant to its value as evidence of level of skill in the art).
 
 
 6
 The court also erroneously ruled "that the Evans patent would not have issued if the [PTO] examiner had looked at the Thomas patent." Trojan, Inc., 703 F.Supp. at 618, 8 USPQ2d at 1397. Notwithstanding that gratuitous assessment of invalidity by the court, the Evans patent remains pertinent prior art.
 
 
 7
 The court discounted Thomas, U.S. Patent No. 3,621,323, as cumulative to Van Laar. Id. We do not agree. Thomas discloses a coating on an incandescent bulb, which, as Trojan points out, "filled the prior art gap between a one-time flashbulb [Van Laar] and a continuously illuminated lamp." Also, in the claimed invention, the coating on the lamp must surround the glass envelope and a "predetermined portion" of the end caps which prevents interference with an electrical connection. Thomas contains that teaching.
 
 
 8
 We conclude that the inventions of claims 1-4 of the '189 patent would have been obvious from the combined teachings of the references to one of ordinary skill in the art. See Carella v. Starlight Archery, 804 F.2d 135, 140, 231 USPQ 644, 647 (Fed.Cir.1986). Evans teaches a protective coating on a fluorescent lamp by covering the tube and end caps with adherent polymeric material which prevents disbursement of glass shards. The only limitations which even arguably are not disclosed by the Evans patent alone are: coating a "predetermined portion" of the end caps, recited in all the claims; and "in situ," recited in claims 2-4. The district court gave "predetermined portion" the meaning of "determined in advance" and the phrase "formed in situ" the meaning of unformed before placement on the lamp. Given those meanings, teachings of both limitations can be found in Thomas; at least "in situ" in Van Laar; and Evans supplies the suggestion for use of a plastic protective coating on either a single or double ended fluorescent lamp for the same purpose. By rejecting Evans and Thomas as references, the district court had an improper foundation upon which to base its decision. Cf. In re Merck & Co., Inc., 800 F.2d 1091, 1097, 231 USPQ 375, 380 (Fed.Cir.1986) ("Non-obviousness cannot be established by attacking references individually").
 
 
 
 *
 We have reviewed this testimony and fail to understand the basis for the district court's castigation of the expert personally. Simply rejecting the evidence is sufficient